**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Whipple, | No. CV-16-00652-TUC-EJM |
| Petitioner, | **ORDER** |
| v. | |
| Charles Ryan, et al., | |
| Respondents. | |

Petitioner Christopher Whipple filed a pro se petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his convictions for possession of a dangerous drug for sale, transportation of a dangerous drug for sale, possession of a deadly weapon during the commission of a felony drug offense, possession of a deadly weapon by a prohibited possessor, and possession of drug paraphernalia. (Doc. 1). Petitioner raises four grounds for relief: 1) ineffective assistance of counsel; 2) due process violations for the state's failure to disclose evidence; 3) unreasonable search and seizure; and 4) prosecutorial misconduct. Respondents filed an Answer contending that all of Petitioner's claims are procedurally defaulted without excuse and that Petitioner has failed to show cause and prejudice for the procedural default or that a fundamental miscarriage of justice has occurred. (Doc. 9). Respondents further allege that all of Petitioner's claims are waived by his guilty plea, and that Ground Three is not cognizable on habeas review.

The Court finds that Petitioner's claims are procedurally defaulted and barred from this Court's review. The Court further finds that Petitioner does not demonstrate

cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default of his claims. Accordingly, the Petition will be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Plea and Sentencing

On March 17, 2015 Petitioner pled guilty to possession of a dangerous drug for sale, transportation of a dangerous drug for sale, possession of a deadly weapon during the commission of a felony drug offense, possession of a deadly weapon by a prohibited possessor, and possession of drug paraphernalia in Pima County Superior Court. (Doc. 10 Ex. A).[1] Petitioner was sentenced to concurrent prison terms, the longest being 14 years. (Ex. B).

### B. Post-Conviction Relief Proceedings[2]

On July 16, 2015, Petitioner initiated proceedings in Pima County Superior Court for Rule 32 post-conviction relief ("PCR"). (Ex. E). Appointed counsel filed a notice stating that she was unable to find any colorable claims for relief to raise in a Rule 32 petition and requested additional time for Petitioner to file a pro se petition. (Ex. G). Petitioner was given until January 19, 2016 to file his petition. (Ex. H). Petitioner failed to file within the allowed time and the court dismissed his PCR proceedings on January 28, 2016. *Id.*

On July 13, 2016 Petitioner filed a notice and motion to clarify sentence. (Ex. I). Petitioner alleged that pursuant to A.R.S. § 13-3407 and §13-603, he should be receiving earned release credits, but that he was not. *Id.* The trial court interpreted Petitioner's motion as a Rule 32 petition. (Ex. J). However, the court found that the motion was not

---

[1] All exhibits refer to Document 10

[2] Because Petitioner pled guilty, he could not file a direct appeal and could only challenge his conviction and sentence through a Rule 32 petition. *See* A.R.S. § 13-4033(B) ("In noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation."); Ariz. R. Crim. P. 32.1 ("Any person who pled guilty or no contest, admitted a probation violation, or whose probation was automatically violated based upon a plea of guilty or no contest shall have the right to file a post-conviction relief proceeding, and this proceeding shall be known as a Rule 32 of-right proceeding.").

timely and did not raise a claim pursuant to Rule 32.1(D), (E), (F), (G), or (H) and was therefore time barred. *Id.* The court further found that Petitioner was sentenced correctly pursuant to the provisions of A.R.S. § 13-3407(F) and A.R.S. § 41-1604.07(A) and was specifically excluded from release credit eligibility. *Id.* The court dismissed Petitioner's motion. *Id.*

### C. Habeas Petition

Petitioner filed his PWHC in this Court on September 30, 2016, asserting four grounds for relief. (Doc. 1). Petitioner requests that the Court hold an evidentiary hearing and vacate his sentence.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the federal court's power to grant a petition for a writ of habeas corpus on behalf of a state prisoner. First, the federal court may only consider petitions alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Sections 2254(b) and (c) provide that the federal courts may not grant habeas corpus relief, with some exceptions, unless the petitioner exhausted state remedies. Additionally, if the petition includes a claim that was adjudicated on the merits in state court proceedings, federal court review is limited by section 2254(d).

### A. Exhaustion

A state prisoner must exhaust his state remedies before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by fairly presenting them to the state's highest court in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[t]o provide the State with the necessary opportunity, the prisoner must fairly present her claim in each appropriate state court . . . thereby alerting the court to the federal nature of the claim."). In Arizona, unless a prisoner has been sentenced to death, the highest court requirement is satisfied if the petitioner has presented his federal claim

to the Arizona COA, either through the direct appeal process or post-conviction proceedings. *Crowell v. Knowles*, 483 F.Supp.2d 925, 931–33 (D. Ariz. 2007).

A claim is fairly presented if the petitioner describes both the operative facts and the federal legal theory upon which the claim is based. *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007). The petitioner must have "characterized the claims he raised in state proceedings *specifically* as federal claims." *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), *opinion amended and superseded*, 247 F.3d 904 (9th Cir. 2001). "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). "Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

However, "[a] habeas petitioner who [fails to properly exhaust] his federal claims in state court meets the technical requirements for exhaustion" if there are no state remedies still available to the petitioner. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). "This is often referred to as 'technical' exhaustion because although the claim was not actually exhausted in state court, the petitioner no longer has an available state remedy." *Thomas v. Schriro*, 2009 WL 775417, \*4 (D. Ariz. March 23, 2009). "If no state remedies are currently available, a claim is technically exhausted," but, as discussed below, the claim is procedurally defaulted and is only subject to federal habeas review in a narrow set of circumstances. *Garcia v. Ryan*, 2013 WL 4714370, \*8 (D. Ariz. Aug. 29, 2013).

**B. Procedural Default**

If a petitioner fails to fairly present his claim to the state courts in a procedurally appropriate manner, the claim is procedurally defaulted and generally barred from federal habeas review. *Ylst v. Nunnemaker*, 501 U.S. 797, 802–05 (1991). There are two

categories of procedural default. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729–30. Second, the claim may be procedurally defaulted if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n. 1; *O'Sullivan*, 526 U.S. at 848 (when time for filing state court petition has expired, petitioner's failure to timely present claims to state court results in a procedural default of those claims); *Smith v. Baldwin*, 510 F.3d 1127, 1138 (9th Cir. 2007) (failure to exhaust claims in state court resulted in procedural default of claims for federal habeas purposes when state's rules for filing petition for post-conviction relief barred petitioner from returning to state court to exhaust his claims).

When a petitioner has procedurally defaulted his claims, federal habeas review occurs only in limited circumstances. "A state prisoner may overcome the prohibition on reviewing procedurally defaulted claims if he can show cause to excuse his failure to comply with the state procedural rule and actual prejudice resulting from the alleged constitutional violation." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (internal quotations and citation omitted); *Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012) ("A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law."). Cause requires a showing "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule . . . [such as] a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . or that some interference by officials made compliance impracticable." *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (internal quotations and citations omitted). Prejudice requires "showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

The Court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 n. 10 (9th Cir. 1991). Additionally, a habeas petitioner "may also qualify for relief from his procedural default if he can show that the procedural default would result in a 'fundamental miscarriage of justice.'" *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008) (quoting *Schlup v. Delo*, 513 U.S. 298, 321 (1995)). This exception to the procedural default rule is limited to habeas petitioners who can establish that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup*, 513 U.S. at 327; *see also Murray*, 477 U.S. at 496; *Cook*, 538 F.3d at 1028.

## III. ANALYSIS

Petitioner alleges four grounds for relief. However, none of Petitioner's claims were presented to the state courts in a procedurally appropriate manner. Petitioner failed to timely file a pro se Rule 32 petition and his PCR proceedings were dismissed. Although Petitioner later filed a motion to modify sentence that the trial court construed as a PCR petition, the court found that the motion was untimely and failed to raise a claim pursuant to Rule 32.1(D), (E), (F), (G), or (H), and dismissed the motion. Petitioner did not file a petition for review with the Arizona Court of Appeals, but even if he had, the sentencing claim Petitioner raised in his motion to the trial court is not related to the claims Petitioner now raises on habeas. Thus, because Petitioner's habeas claims were never presented to the state courts, the Court finds that these claims are unexhausted.[3]

Claims not previously presented to the state courts on either direct appeal or collateral review are generally barred from federal review because any attempt to return to state court to present them would be futile unless the claims fit into a narrow range of exceptions. *See* Ariz. R. Crim. P. 32.1(d)-(h), 32.2(a) (precluding claims not raised on

---

[3] Petitioner's claim that courts may dispense with the exhaustion requirement because of delay on the part of the state or because it would manifest injustice to the petitioner, and that the state has disregarded his constitutional rights since the beginning of this case, is unavailing and does not excuse Petitioner from complying with the procedural rules.

direct appeal or in prior post-conviction relief petitions), 32.4(a) (time bar), 32.9(c) (petition for review must be filed within thirty days of trial court's decision). Because these rules have been found to be consistently and regularly followed, and because they are independent of federal law, either their specific application to a claim by an Arizona court, or their operation to preclude a return to state court to exhaust a claim, will procedurally bar subsequent review of the merits of such a claim by a federal habeas court. *Stewart v. Smith*, 536 U.S. 856, 860 (2002); *Ortiz v. Stewart*, 149 F.3d 923, 931–32 (9th Cir. 1998) (Rule 32 is strictly followed); *State v. Mata*, 916 P.2d 1035, 1050–52 (Ariz. 1996) (waiver and preclusion rules strictly applied in post-conviction proceedings).

Arizona Rules of Criminal Procedure regarding timeliness and preclusion prevent Petitioner from now exhausting his claims in Grounds One, Two, Three, and Four in state court. Accordingly, the claims are both technically exhausted and procedurally defaulted and thus not properly before this Court for review. *See Crowell*, 483 F.Supp.2d at 931–33; *Coleman*, 501 U.S. at 732, 735 n. 1; *Garcia*, 2013 WL 4714370 at * 8.

A federal court may not consider the merits of a procedurally defaulted claim unless the petitioner can demonstrate cause for his noncompliance and actual prejudice, or establish that a miscarriage of justice would result from the lack of review. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995). Petitioner has failed to show cause for, or prejudice arising from, his procedural default of the claim, and the Court can glean none from the record before it. *See Martinez*, 132 S. Ct. at 1316; *Murray*, 477 U.S. at 488. While Petitioner attempts to argue that he can satisfy the cause requirement by showing his trial counsel was ineffective, this blanket overstatement does not explain nor excuse Petitioner from failing to properly present his claims to the state courts. (Doc. 11 at 1–2). Petitioner's conclusory statement that a failure to review his habeas claims will result in a fundamental miscarriage of justice is similarly unavailing. *Id.* at 1.

Accordingly, relief on the merits of Petitioner's habeas claims is precluded.

**IV. CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 is denied and that this action is dismissed with prejudice. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that no certificate of appealability shall be issued and that Petitioner is not entitled to appeal in forma pauperis because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

Dated this 27th day of March, 2019.

Eric J. Markovich
United States Magistrate Judge